IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMBAT ZONE CORP. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:12-cv-2750 |
| | § | |
| JOHN/JANE DOES 1-3 | § | JURY TRIAL REQUESTED |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

On this day came to be heard Plaintiff's Motion for Expedited Discovery (Doc. #3) prior to the Rule 26 conference wherein Plaintiff seeks leave of this Court to conduct discovery regarding the identities of Defendants John/Jane Does 1-3, who are essential to prosecuting the Complaint filed by Plaintiff in this case. The Court, having considered the pleadings and arguments of the known parties, is of the opinion that the Motion for Expedited Discovery should be granted.

Plaintiff filed a Complaint alleging violations for copyright infringement against John/Jane Doe Defendants. (Doc. #1). Plaintiff submitted its Motion for Expedited Discovery for the limited purpose of identifying these Doe Defendants. (Doc. #3). Specifically, Plaintiff seeks to subpoena SBC Internet Services, Inc. and Comcast Cable Communications, LLC in their capacity as the Internet Service Provider ("ISP"), to determine the names and addresses of certain subscribers connected to certain IP addresses that have been linked to infringements of Plaintiff's copyrighted works. Additionally, Plaintiff seeks permission to then issue interrogatories, requests for admissions, and to depose the subscribers identified by these ISPs in order to determine whether the subscriber is the proper defendant in this action.

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). These requests are allowed upon a showing of good cause. *Semitool, Inc. v. Tokyo Elec. Am., Inc.* 208 F.R.D. 273, 275-276 (N.D. Cal. 2002). Within the internet context, Courts have recognized "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . [where] the tortious activity occurred entirely online." *Seescandy.com*, 185 F.R.D. at 577.

A three-factor test has been developed for instances where courts are considering motions requesting early discovery to assist in the identification of certain defendants. *Seescandy.com*, 185 F.R.D. at 578-80. Factor 1: The moving party should be able to identify "the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Seescandy.com*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). Here, given the facts shown, Plaintiff has identified the missing party(s) with as much clarity as possible. Plaintiff has stated that these missing "Does" are persons or entities that these persons/entities have been observed and documented as infringing on its copyrighted works. Thus, as real persons/entities, these Does can be sued in federal court.

Factor 2: The moving party should be able to identify "all previous steps taken to locate the elusive defendant." *Seescandy.com*, 185 F.R.D. at 578 (citing *Plant v. Doe*, 19 F.Supp.2d 1316, 1320 (S.D. Fla. 1998)). The only information Plaintiff has regarding each Defendant is his/her IP address, his/her cable ISP, and the City and State where each Defendant's computer is

located. Therefore, there are no other measures Plaintiff could take to identify the Defendant other than to obtain his/her identifying information from his/her ISP. Consequently, Plaintiff must serve subpoenas on Defendants ISPs to obtain the information it seeks.

Factor 3: The moving party should be able to "establish to the Court's satisfaction that [its] suit against defendant could withstand a motion to dismiss." *Seescandy.com*, 185 F.R.D. at 578 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, Plaintiff, has alleged a prima facie claim of copyright infringement. 17 U.S.C. § 106(1)(3). Specifically, Plaintiff claimed: (1) it owns and has registered the copyrighted work at issue in this case; (2) the Defendants reproduced and distributed those works without authorization; and (3) Plaintiff was damaged by Defendants' actions. Accordingly, since Plaintiff has alleged all the elements of copyright infringement in the Complaint (Doc. #1), its suit against Defendant could withstand a motion to dismiss.

Plaintiff has alleged a prima facie case of contributory copyright infringement. Plaintiff claimed (1) it owns and has registered the copyrighted work at issue in this case; (2) Defendants knew of the infringing activity and were conscious of their infringement; and (3) Defendants actively participated in this infringement by inducing, causing and contributing to the infringement of Plaintiff's copyright work. As each element has properly been alleged by the Plaintiff in its Complaint (Doc. #1), this cause of action could withstand a motion to dismiss.

Thus, Plaintiff has adequately satisfied the three-factor test for the claims raised in the Complaint. Furthermore, the scope of this order has been sufficiently tailored to achieve the reasonable and necessary purpose of identifying already known alleged offenders. In sum, the Court finds good cause to grant Plaintiff the relief it seeks.

The Court is also aware that the ISPs may also be considered cable operators as defined in the Cable Privacy Act (the "Act"). 47 U.S.C. § 551. The Court has contemplated the Act and has tailored this Order to comply with the Act's notice requirements.

IT IS, THEREFORE, ORDERED that Plaintiff may serve subpoenas on the ISPs in substantially the form set forth in its Motion for Expedited Discovery (Doc. #3) and that each Internet Service Provider shall have fifteen (15) days after service of the subpoenas to notify the subscriber(s) that their identity(y/ies) has been subpoenaed by Plaintiff. Each subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to file a responsive pleading or motion to quash.

IT IS FURTHER ORDERED that thereafter, upon receipt of the subscriber's information from the ISP, the Plaintiff may send written discovery requests to the relevant subscribers and alleged infringers and may take each subscriber's and alleged infringer's deposition, if necessary, for the limited purpose of identifying the proper Defendants to this action.

SIGNED this _17th_ day of _September_, 2012.

_____
JUDGE PRESIDING